## GRIFFIN v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. January 31, 1918.)

No. 1280.

1. CRIMINAL LAW ☾1036(1)—APPEAL AND ERROR—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Defendant is not entitled to have objections to the admission of evidence considered on error, when they are not raised in the court below, particularly where the objections could have been obviated, if raised.

2. CRIMINAL LAW ☾1036(1)—TRIAL—OBJECTIONS.

In a prosecution for depositing in the mails nonmailable matter, defendant, if not satisfied that the post cards and letter involved contained nonmailable communications when received, should have stated that as a ground for their rejection, or raised it by motion for directed verdict, and cannot for the first time raise it on writ of error.

3. POST OFFICE ☾31—OFFENSES—STATUTE—CONSTRUCTION.

Under Penal Code (Act March 4, 1909, c. 321) § 211, 35 Stat. 1129 (Comp. St. 1916, § 10381), declaring that every obscene, lewd, or lascivious, and every filthy, letter, writing, or other publication of an indecent character, shall be nonmailable, a letter, the language of which was calculated to arouse, or implant in the minds of those into whose hands it might come, lewd or lascivious thoughts, or having a tendency to deprave or corrupt the morals, is nonmailable.

4. POST OFFICE ☾33—OFFENSES—STATUTE—CONSTRUCTION.

Under Penal Code, § 212 (Comp. St. 1916, § 10382), declaring that any postal card upon which may be written any delineations, epithets, terms, or language of any lewd, lascivious, obscene, libelous, scurrilous, defamatory, or threatening character, or calculated and obviously intended to reflect injuriously upon the character or conduct of another party, is nonmailable, post cards tending to reflect injuriously upon the character and conduct of a woman to whom they were addressed, and which contained language of a scurrilous and defamatory character, are nonmailable.

5. POST OFFICE ☾50—EVIDENCE—OFFERS—REJECTION.

In a prosecution for knowingly and willfully depositing in the mails nonmailable matter directed to a woman, the rejection of testimony that there were others who were angry at her and had more motive than defendant is not reviewable, where it was not offered in connection with other evidence showing an opportunity on the part of such persons to commit the crime; there being no evidence that such persons lived in the town where the letters and post cards were mailed.

In Error to the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

Michael J. Griffin was convicted of unlawfully and knowingly depositing and causing to be deposited in the mails, in violation of Penal Code, §§ 211, 212, certain nonmailable matter, and he brings error. Affirmed.

Richard J. Talbot, of Springfield Mass. (Charles H. Moore, of Boston, Mass., on the brief), for plaintiff in error.

Lewis Goldberg, Asst. U. S. Atty., of Boston, Mass. (Thomas J. Boynton, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

☾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BINGHAM, Circuit Judge. This is a writ of error from judgments of the United States District Court for Massachusetts on two indictments, which were tried together and later consolidated for the purposes of this writ.

The first indictment was brought under section 211 of the Penal Code, and charged that the defendant "on or before the twenty-fifth day of November, in the year one thousand nine hundred and fifteen, at Springfield, did unlawfully and knowingly deposit and caused to be deposited in the mails of the United States of America for mailing and delivery certain nonmailable matter; that is to say, a certain obscene, lewd, lascivious, and filthy letter, inclosed in a certain envelope, then and there addressed and directed as follows"—setting out the name and residence of the addressee, a sufficient portion of the letter to identify it, and stating that the remainder was too obscene, lewd, lascivious, and filthy to spread upon the record.

The second indictment was brought under section 212 of the Penal Code, and contained eight counts; but only the second, fourth, fifth, sixth, seventh and eighth were submitted to the jury. In the second count it was alleged that the defendant "on or about the fifth day of November, in the year nineteen hundred and fifteen, at said Springfield, did unlawfully and knowingly deposit and cause to be deposited in the mails of the United States of America for mailing and delivery a certain postal card, upon which, to wit, upon the back thereof, delineations, epithets, terms, and language of a libelous, scurrilous and defamatory character, and calculated by the terms and manner and style of display, and obviously intended to reflect injuriously upon the character and conduct of another, to wit, one Daisie B., were then and there written and apparent, of the tenor following"—setting out the communication thereon and the name and address of the party to whom it was sent, that it was nonmailable matter, and that the defendant well knew that the delineations, epithets, terms, and language were upon the postal card. The remaining counts of the indictment were of the same tenor, except that they related to the sending of other postal cards bearing different communications, but addressed to the same person.

Upon each indictment the defendant was found guilty, and was sentenced to imprisonment "in the house of correction at Greenfield, in the district of Massachusetts, for a term of four months, * * * said sentences to take effect concurrently."

Various errors are assigned. In the first six assignments the defendant complains that the court erred in admitting in evidence the various postal cards relating to each of the six counts of the second indictment that were submitted to the jury. The seventh assignment relates to the admission of the letter which forms the subject-matter of the first indictment. The ground of exception, as disclosed by the record, was that the communications upon the postal cards did not constitute nonmailable matter within the provisions of section 212, and that the letter did not contain nonmailable matter within the provisions of section 211.

[1, 2] Under these assignments of error counsel for the defendant have undertaken to argue (1) that there was no evidence in the case from which it could be found that the communications, if nonmailable, were upon the letter and postal cards when they were received from the mail; (2) that the testimony of the government's handwriting expert that the defendant wrote the letter and the postal cards should not have been received; and (3) that the testimony of the expert being excluded, there was no evidence from which it could have been found that the defendant wrote them. The defendant, however, is not entitled to have these objections considered in this court, for they were not raised in the court below, and, if they had been, could have been readily obviated. The testimony of the expert for the government, if objection had been raised at the time, could have been stricken out and the witness required to state his opinion without incorporating in his answer the matter here complained of. Furthermore, there was other evidence than that of the expert from which the jury would have been warranted in finding that the defendant wrote the letter and the postal cards. The defendant himself testified that upon being charged in the presence of a police officer with having sent the letter and postal cards he remained silent and did not deny the accusation, and there was other evidence bearing upon the question which it is unnecessary to recount. As to whether the letter and postal cards contained the communications charged in the indictments at the time they were received from the mails, there was sufficient evidence to warrant the submission of the case to the jury. Mrs. B., the person to whom the letter and cards were addressed, was called as a witness, and testified that the letter which was produced and shown to her was the letter which she received through the mails, and each of the postal cards was likewise produced and testified to, being identified by reading a portion of the communication thereon. If the defendant was not satisfied with this proof, he should have specifically stated it as a ground of objection to the reception of the evidence, or raised the question by a motion for a directed verdict.

The only question properly raised by these assignments of error being whether the letter and postal cards constituted nonmailable matter within the provisions of the statutes above referred to, we will now proceed to consider it.

[3] Section 211 of the Penal Code, under which the indictment relating to the letter was drawn, reads as follows:

"Every obscene, lewd, or lascivious, and every filthy, * * * letter, writing, * * * (or other publication of an indecent character, * * * is hereby declared to be nonmailable matter and shall not be conveyed in the mails or delivery from any post office or by any letter carrier. Whoever shall knowingly deposit, or cause to be deposited for mailing or delivery, anything declared by this section to be nonmailable, * * * shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both." Comp. St. 1916, § 10381.

The courts, in construing this statute, have held that the rule by which to "determine whether a writing comes within the meaning of the statute is whether its language has a tendency to deprave and corrupt the morals of those whose minds are open to such influences, and

into whose hands it may fall, by arousing or implanting in such minds obscene, lewd, or lascivious thoughts or desires" (Knowles v. United States, 170 Fed. 409, 412, 95 C. C. A. 579, 582; Dunlop v. United States, 165 U. S. 486, 500, 17 Sup. Ct. 375, 41 L. Ed. 799; Rosen v. United States, 161 U. S. 29, 43, 16 Sup. Ct. 434, 40 L. Ed. 606), and that it is not essential to the commission of the offense that the entire contents of the communication be objectionable in character (Demolli v. United States, 144 Fed. 363, 366, 75 C. C. A. 365, 6 L. R. A. [N. S.] 424, 7 Ann. Cas. 121). We have no hesitation in saying that the communication contained in the letter, which is before us as an exhibit, falls within the terms of the statute and was nonmailable. Its language is calculated to arouse or implant in the minds of those into whose hands it may come and subject to such influences obscene, lewd or lascivious thoughts or desires.

[4] The section under which the six counts submitted to the jury on the second indictment was drawn provides:

"Sec. 212. * * * Any postal card upon which any delineations, epithets, terms, or language of an indecent, lewd, lascivious, obscene, libelous, scurrilous, defamatory, or threatening character, or calculated by the terms or manner or style of display and obviously intended to reflect injuriously upon the character or conduct of another, may be written or printed or otherwise impressed or apparent, are hereby declared nonmailable matter, and shall not be conveyed in the mails nor delivered from any post office nor by any letter carrier. * * * Whoever shall knowingly deposit or cause to be deposited, for mailing or delivery, anything declared by this section to be nonmailable matter, * * * shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both." Comp. St. 1916, § 10382.

We have carefully examined the communications upon the postal cards and the pictures in connection therewith, and contained thereon, and are of the opinion that they were calculated by the terms and manner of display and obviously intended to reflect injuriously upon the character and conduct of the person to whom they were addressed, and that some of them also contain language of a scurrilous and defamatory character within the meaning of the provisions of the act in question.

The eighth assignment of error has not been argued. No reason has been suggested, and we see none, showing that the court erred or the defendant was harmed in not permitting counsel to pursue the inquiries set forth in this assignment.

[5] The ninth and tenth assignments present the same question. The defendant offered to prove that the relations of other persons to Mrs. B., the addressee of the letter and postal cards, "were such that they had a motive in sending these cards; that they were angry with her, and that they had animosity towards her because she threw one of them down, to use a figure of speech; that they had just as much, if not more, motive than the defendant had." This offer of proof was excluded on the ground that it was too remote, and the defendant excepted. The question whether such evidence is too remote to be of value on an issue in a case rests chiefly in the discretion of the presiding judge, and, unless offered in connection with other evidence showing an opportunity on the part of such other person or persons to com-

mit the crime charged, its exclusion on this ground is not error. In this case there was no evidence or offer of proof that other persons entertaining ill feeling against, the addressee, Mrs. B., lived or were in Springfield at the various times on which the letter and postal cards were mailed, or that at the time the letter and cards were mailed they then entertained any ill feeling against her; nor was there any other evidence presented or proof offered so connecting them with the crime charged as to warrant the introduction of evidence tending to support the offer of proof in question. If such a ruling of a trial court is ever reviewable because of clear error, this is not such a case. Commonwealth v. Abbott, 130 Mass. 472; Lane v. Moore, 151 Mass. 87, 23 N. E. 828, 21 Am. St. Rep. 430; Commonwealth v. Holmes, 157 Mass. 233, 32 N. E. 6, 34 Am. St. Rep. 270; Alexander v. United States, 138 U. S. 353, 11 Sup. Ct. 350, 34 L. Ed. 954.

The judgment of the District Court is affirmed.